## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Mt. Pleasant Investments, LLC, Appellant,

v.

Charleston County Assessor, Respondent.

Appellate Case No. 2025-000239

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Opinion No. 6153
Heard May 14, 2026 – Filed July 15, 2026

**REVERSED**

George Hamlin O'Kelley, III, and James C. Spears, III,
both of Buist Byars & Taylor, LLC, of Mt. Pleasant, for
Appellant.

Kevin Michael DeAntonio and Bernard E. Ferrara, Jr.,
both of North Charleston, for Respondent.

**THOMAS, J.:** In this property tax valuation dispute, Mt. Pleasant Investments, LLC, (Taxpayer) appeals the order of the Administrative Law Court (ALC), which affirmed the Charleston County Assessor's (the Assessor) valuation of the property at issue. Taxpayer argues the ALC erred in (1) stating the sole disputed issue is the current fair market value of the property for the tax year 2023; (2) unlawfully applying the governing statutes by adding the value of improvements to the 2021 fair market value of the property; (3) finding the improvements to the property are not eligible for the Assessable Transfer of Interest (ATI) exemption; and (4)

finding the value of the improvements would otherwise escape taxation. We reverse.

**FACTS**

The parties stipulated to the facts. The property at issue is located at 10 West Edge Street, Unit 4, in Charleston, and it was first entered onto the tax rolls in 2021 following the creation of a condominium regime subdividing the parcel into five parcels, including this one. For the tax year 2021, the Assessor valued the parcel at $6,063,000 as of December 31, 2020. Taxpayer's purchase of the property in July 2021 constituted an ATI, which provides a twenty-five percent property tax exemption. The ATI triggered a new appraisal of the subject property as of December 31, 2021, to go into effect for tax year 2022. For the ATI appraisal, the Assessor determined the value of the property for tax year 2022 to be what the parties agreed would be the fair market value without an ATI exemption, $8,034,000. Taxpayer timely requested the ATI exemption for the tax year 2022.

Prior to Taxpayer's purchase of the property, the previous owner made improvements fit for their intended use as of April 9, 2021, which were valued at $758,000. The parties agree that $6,821,000, which is the tax year 2021 fair market value without an exemption of $6,063,000 plus the value of improvements of $758,000, would have been the fair market value of the property for the tax year 2022 if the previous owner had not sold the property in 2021. Applying the twenty-five percent ATI exemption to the fair market value of $8,034,000 results in an exemption value of $6,025,500.

The Assessor maintained the current fair market value was $6,821,000. The exemption value cannot be less than the current fair market value as statutorily defined. In instances where a property's exemption value is less than its current fair market value, the Assessor uses the current fair market value as the taxable value. Because the exemption value of $6,025,500 was less than the Assessor's determination of a current fair market value of $6,821,000, the Assessor determined the taxable value for tax year 2022 was $6,821,000.

Taxpayer asserted the taxable value for tax year 2022 should be the property's current fair market value of $6,063,000, which was the fair market value on the Assessors' books for tax year 2021, when the ATI occurred, and the Assessor's value as of December 31, 2020. Because the exemption value of $6,025,500 was less than the current fair market value of $6,063,000, Taxpayer asserted the taxable value of the property for tax year 2022 was $6,063,000. Taxpayer asserted the

value of the improvements could not be retroactively added to the current fair market value used in determining the exemption value. Taxpayer argued their value was accounted for in the ATI fair market value because the improvements were completed prior to the ATI.

Taxpayer appealed, and the Charleston County Board of Assessment Appeals (Board) concurred with Assessor. Taxpayer requested a contested case hearing before the ALC. At the hearing, Taxpayer maintained the Assessor was essentially taking away the exemption on the $758,000 of improvements. The Assessor argued there were two interim appraisals of the property in this case: first, after the improvements in April 2021, which were added to the property's value. In this case, adding the $758,000 in improvements to the pre-April 2021 value of $6,063,000 resulted in a value of $6,821,000. The Assessor argued the parties all agreed that would have been the value for tax year 2022 without a sale. The second interim appraisal was based on the July 2021 sale, which "trigger[ed] an ATI appraisal." The Assessor argued the improvements had never been subjected to tax and were thus not eligible for the ATI exemption. The ALC affirmed the Board and denied Taxpayer's motion to reconsider. This appeal followed.

**STANDARD OF REVIEW**

The Administrative Procedures Act governs our standard of review, requiring it to be "confined to the record, and we may affirm, reverse, or remand if the ALC's decision is defective in any of certain particulars." *Fairfield Waverly, LLC v. Dorchester Cnty. Assessor*, 432 S.C. 287, 289, 852 S.E.2d 739, 740 (Ct. App. 2020). Where the case "turns on an examination of statutory language[, w]e review that issue de novo" and need not consider those particulars. *Id.*

**LAW/ANALYSIS**

Taxpayer argues the ALC erred in applying sections 12-37-3140(A)(2) and 12-37-3140(E) of the South Carolina Code by adding the value of the improvements to the 2021 fair market value.[1] Taxpayer maintains the current fair

---

[1] *See* S.C. Code Ann. § 12-37-3140(A)(2) (2014) (requiring that the fair market value of subsequent improvements and additions to property be added to the fair market value of the property); S.C. Code Ann. § 12-37-3140(E) (2014) (explaining that the value of improvements and changes in value from ATIs "are first subject to property tax in the following tax year").

market value of the property should be $6,063,000, or the fair market value of the property as of December 31, 2020. We agree.[2]

An ATI is statutorily defined as "a transfer of an existing interest in real property that subjects the real property to appraisal." S.C. Code Ann. § 12-37-3130(4) (2014).[3] The ATI exemption is created in section 12-37-3135, which defines the relevant terms as follows:

> (1) "ATI fair market value" means the fair market value of a parcel of real property and any improvements thereon as determined by appraisal at the time the parcel last underwent an [ATI].
> (2) "Current fair market value" means the fair market value of a parcel of real property as reflected on the books of the property tax assessor for the current property tax year.
> (3) "Exemption value" means the ATI fair market value when reduced by the exemption allowed by this section.
> (4) "Fair market value" means the fair market value of a parcel of real property and any improvements thereon as determined by the property tax assessor by an initial appraisal, by an appraisal at the time the parcel undergoes an [ATI], and as periodically reappraised pursuant to Section 12-43-217.

---

[2] During oral argument before this court, the Assessor conceded that the methods of calculating the proper ATI exemptions, Method A and Method B, which the Assessor relied on in part before the ALC, did not always result in the same value; thus, the Assessor was now relying on the governing statutes.

[3] This case is largely dependent on the interpretation of numerous provisions in Title 12, Chapter 37 of the South Carolina Code. At the time of oral argument, legislation was pending to amend sections 12-37-3130, -3140, and -3150 to eliminate point of sale valuation. *See* H.R. 3803, 126th Gen. Assemb. (S.C. 2025) (proposing amendments to "[s]ections 12-37-3130, 12-37-3140, and 12-37-3150, relating to definitions, valuation, and assessable transfers of interest . . . so as to eliminate the 'point of sale' valuation of real property for purposes of imposition of the property tax").

(5) "Property tax value" means fair market value as it may be adjusted downward to reflect the limit imposed pursuant to Section 12-37-3140(B).

S.C. Code Ann. § 12-37-3135(A) (2014).

Subsection (B)(1) provides the ATI exemption:

> When a parcel of real property and any improvements thereon . . . currently subject to property tax undergoes an [ATI] after 2010, there is allowed an exemption from property tax of an amount of the ATI fair market value of the parcel as determined in the manner provided in item (2) of this subsection. Calculation of property tax value for such parcels is based on exemption value. The exemption allowed by this section applies at the time the ATI fair market value first applies.

S.C. Code Ann. § 12-37-3135(B)(1) (2014).

Subsection (B)(2) sets the exemption amount at twenty-five percent of ATI fair market value and prohibits an exemption value to be less than the current fair market value of the property. S.C. Code Ann. § 12-37-3135(B)(2)(a) (2014). If the ATI fair market value is less than the current fair market value, the exemption "does not apply and the ATI fair market value applies as provided pursuant to Section 12-37-3140(A)(1)(b)." S.C. Code Ann. § 12-37-3135(B)(2)(b) (2014). Section 12-37-3140(A)(1)(b) defines the fair market value of real property as "its fair market value applicable [on] . . . December thirty-first of the year in which an [ATI] has occurred." S.C. Code Ann. § 12-37-3140(A)(1)(b) (2014).

Given these definitions and governing statutes, Taxpayer argues the ALC erred in applying the rules provided in sections 12-37-3140(A)(2) and 12-37-3140(E) to find the current fair market value of $6,821,000. As previously noted, the fair market value of subsequent improvements and additions to the property must be added to the fair market value of the property, in this case, as of December 31, 2021, the year of the ATI. § 12-37-3140(A)(2).[4] As also noted, section

---

[4] *See* S.C. Code Ann. § 12-37-3140(A)(1)(a-d) (2014) ("For property tax years beginning after 2006, the fair market value of real property is its fair market value applicable for the later of:" (a) the base year, 2007; (b) December thirty-first of the

12-37-3140(E) provides that the value of improvements, and changes in value from ATIs, are first subject to taxation in the following year "except as provided pursuant to [s]ection 12-37-670(B)." § 12-37-3140(E).[5]

Here, the parties agree the fair market value of the property was $6,063,000 as of December 31, 2020, and the fair market value of the property was $8,034,000 as of December 31, 2021 for the tax year 2022. This latter fair market value includes the value of the improvements, which were completed as of April 2021. The parties also agree that the fair market value and taxable value would have been $6,821,000 had there not been an ATI. In addition, the parties agree the exemption value, $8,034,000 reduced by twenty-five percent, is $6,025,500. Because the exemption value may not be less than the current fair market value, we need to determine the current fair market value. *See* § 12-37-3135(B)(2)(a) (stating "no exemption value calculated pursuant to this section may be less than current fair market value of the parcel").

Again, current fair market value is defined as "the fair market value of a parcel of real property as reflected on the books of the property tax assessor for the current property tax year." § 12-37-3135(A)(2). This court has defined the current fair market value as the "pre-sale fair market value." *Fairfield Waverly*, 432 S.C. at 290, 852 S.E.2d at 740. The court in *Waverly* also noted that section 12-37-3135(B)(1) "explains the ATI Exemption 'applies at the time the ATI fair market value first applies'[, which] suggests the legislature intended the ATI Exemption's value to be set and established at the time the [ATI] occurs." *Id.* at 292, 852 S.E.2d at 741 (quoting § 12-37-3135(B)(1)).

In this case, the pre-sale (or current) fair market value, was $6,063,000 as the parties agreed. Under *Waverly*, this value was set and established at the end of 2020. Because the parties also agreed the exemption value was $6,025,500, which was less than the current fair market value of $6,063,000, Taxpayer conceded the taxable value is $6,063,000 based on section 12-37-3135(B)(2)(a), which mandates that the exemption value may not be less than the current fair market value. Thus, the 2021 current fair market value, and taxable value for 2022, was $6,063,000. *See Lindsey v. S.C. Tax Comm'n*, 302 S.C. 274, 275 n.1, 395 S.E.2d 184, 185 n.1

---

year in which an ATI occurred; (c) as determined on appeal; or (d) as adjusted in a countywide reassessment program.).

[5] *See* S.C. Code Ann. § 12-37-670(B) (2014) (providing exceptions for ordinances not applicable here).

(1990) ("The pertinent date to determine the value of property for a given tax year is December 31st of the preceding year.").

We find this interpretation consistent with "the ultimate goal in statutory interpretation[, which] is to give effect to the statute's intent." *Waverly*, 432 S.C. at 294, 852 S.E.2d at 742. As stated by the court in *Waverly*, the purpose of section 12-37-3135 "is to provide property owners relief from the potentially burdensome increase in tax liability caused by an [ATI] and the subsequent reappraisal." *Id.* at 294, 852 S.E.2d at 742–43. We are also cognizant that "[t]he usual rules of statutory construction apply to the interpretation of tax statutes." *Multi–Cinema, Ltd. v. S.C. Tax Comm'n*, 292 S.C. 411, 413, 357 S.E.2d 6, 7 (1987). "In the enforcement of tax statutes, the taxpayer should receive the benefit in cases of doubt." *S.C. Nat'l Bank v. S.C. Tax Comm'n*, 297 S.C. 279, 281, 376 S.E.2d 512, 513 (1989). However, "tax exemption statutes are strictly construed against the taxpayer. This rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor." *Lowe's Home Ctrs., LLC v. S.C. Dep't of Revenue*, 443 S.C. 388, 397–98, 904 S.E.2d 880, 885 (Ct. App. 2024) (quoting *Se.-Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489–90, 280 S.E.2d 57, 58 (1981)). "It does not mean that we will search for an interpretation in [DOR]'s favor where the plain and unambiguous language leaves no room for construction." *Se.-Kusan, Inc.*, 276 S.C. at 489, 280 S.E.2d at 58. Applying these principles, we conclude the ALC erred in affirming the Board's value of $6,821,000.

The Assessor argues section 12-37-3140(A)(2) requires the fair market value of subsequent improvements and additions to the property to be added to the previously appraised fair market value of the property. Here, however, the improvements were completed during the 2021 tax year and were not made subsequent to 2021. As the improvements were completed before the end of 2021, we find they were not subsequent improvements as contemplated by section 12-37-3140(A)(2). The Assessor also argues section 12-37-3140(E) requires the value of improvements and changes in value resulting from ATIs to be subject to property tax in the following tax year. Here, the improvements were completed in 2021; thus, under section 12-37-3140(E), they would not be subject to taxation until tax year 2022. Because the tax year values at issue here relate to year-end 2021, we find section 12-37-3140(E) did not require the value of improvements to be added to the current fair market value of $6,063,000.

We also find support in the parties' own stipulations. For the tax year 2021, the Assessor valued the property at $6,063,000 as of December 31, 2020. The parties

stipulated the ATI appraisal for the year-end 2021, and tax year 2022 value, was $8,034,000, which included the value of the improvements. The parties also stipulated the exemption value was $6,025,500. We find no statutory requirement, as argued by the Assessor, to reconsider the value of the improvements and add them back to the current fair market value where they were already included in the year-end 2021 appraisal and exemption value.[6]

Based on our finding that the ALC erred in adding the value of the improvements to the current fair market value, we need not address Taxpayer's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**CONCLUSION**

Based on the foregoing, the ALC's order is

**REVERSED.**

**MCDONALD and TURNER, JJ., concur.**

---

[6] As the value of improvements was added to the ATI fair market value of $8,034,000, used in determining the exemption value, we find no merit to the Assessor's argument that the value of improvements is escaping taxation.